472 P.2d 31

**In the Matter of James E. GRANT, A Member of the State Bar of Arizona, Respondent.**

**No. 9515.**

Supreme Court of Arizona, In Banc.

July 10, 1970.

Richard E. Johnson, Phoenix, for respondent.

Paul Beer, Phoenix, for the State Bar of Arizona.

Before LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ.

PER CURIAM.

On June 25, 1965, a proceeding was initiated against the respondent, James E. Grant, consisting of two counts, the second was ultimately dismissed by the Administrative Committee of the State Bar for District No. 4. On March 3, 1966, a hearing was held on Count I. Thereafter, on October 17, 1968, Findings of Fact and Recommendations were forwarded to the Board of Governors of the State Bar. The Board of Governors, after a hearing, affirmed the Findings of the Committee and concurred in the recommendation that the respondent be reprimanded.

At the oral argument before this Court, counsel were in agreement as to the basic

facts involved herein. The respondent had hired a newly admitted attorney, Louis B. Schaeffer, to work for him. After a couple of years this relationship was severed with hard feelings on the part of both attorneys. Schaeffer, when he left, took several files with him on which fees or fees and costs were due. Among these files was one designated as the Lebeau file. As to this file the following events occurred: On *July 17, 1964,* respondent billed Lebeau noting on the bill that Schaeffer was leaving and payment should be made to Grant. On *July 27,* Schaeffer wrote respondent indicating the files he had taken and intended to collect. The Lebeau file was listed as one of these. *August 11* Lebeau paid Schaeffer in full; *August 17* respondent wrote Lebeau demanding payment; *August 20* Schaeffer wrote respondent indicating that Lebeau had showed him the demand letter and that he, Schaeffer, had received payment. *September 1* respondent filed a complaint in Justice Court against Lebeau in the name of his secretary. *September 2* Schaeffer wrote respondent advising him that he, Schaeffer, had received payment in full from Lebeau. *November 16* respondent took Lebeau's deposition and heard Lebeau testify that he had paid Schaeffer in full. *December 29* the administrative committee examiner requested respondent to withdraw his suit against Lebeau and indicated that respondent's conduct was a violation of Canon 14. *January 5, 1965* the suit in the name of respondent's secretary and against Lebeau was dismissed, and judgment granted to Lebeau. *January 14* respondent filed suit against Lebeau in his own name asserting the same claim.

The State Bar Administrative Committee and the Board of Governors assert that the conduct of the respondent constituted a violation of Canon 14 of the Canons of Professional Ethics and A.R.S. § 32–267, subsec. 8. With this we agree.

Canon 14 reads as follows:

"Suing a Client for a Fee.

Controversies with clients concerning compensation are to be avoided by the lawyer so far as shall be compatible with his self-respect and with his right to receive reasonable recompense for his services; and lawsuits with clients should be resorted to only to prevent injustice, imposition or fraud."

A.R.S. § 32–267, subsec. 8 reads as follows:

"Grounds for Disbarment

An attorney licensed to practice law in this state may have his license revoked or suspended by the supreme court for any of the following reasons:

\*   \*   \*   \*   \*   \*

8. For any other unprofessional or unethical conduct violative of the canons and ethics of the profession of an attorney at law as adopted by the American Bar Association."

It is obvious from the foregoing facts that respondent not only exercised poor judgment, but also engaged in unethical conduct. In view of his complete knowledge that Lebeau had paid Schaeffer, respondent's action in again filing a lawsuit against Lebeau on January 14, 1965, flies directly in the face of Canon 14.

We are appalled at the length of time it has taken for this matter to reach this Court for decision. The record reflects a number of reasons for delay and there may be others not reflected in the record, but in truth such a long delay cannot be justified. We are aware that some of the delay was occasioned by our failure to press the matter after it reached this Court. We adjure persons and groups involved in the process of professional discipline to employ all deliberate speed in the resolution of these problems. Delay is unfair to the public, the profession and the individual attorney.

It is ordered that the respondent, James E. Grant, be and he is hereby reprimanded.